IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01400-WDM-BNB

DOUBLECLICK, INC., a Delaware corporation,

Plaintiff,

v.

LORI PAIKIN, an individual,

Defendant.

_____

**ORDER**

_____

This matter is before me on **Defendant Lori Paikin's Request That the Court

Reconsider One of Its September 1, 2005 Discovery Rulings** (the "Motion to Reconsider"),

filed September 9, 2005.  The Motion to Reconsider is DENIED.

A hearing on the plaintiff's motion for preliminary injunction is set for September 23,

2005.  On August 16, 2005, the defendant filed a motion for expedited discovery prior to the

injunction hearing.  I advanced the motion for expedited discovery and held a hearing on that

motion on September 1, 2005.  By order entered September 1, 2005, I granted in part and denied

in part the motion for expedited discovery.  Among other things, I ruled that the defendant would

not be allowed to conduct discovery on the issue of "Paikin's purported 'resignation,' the

termination of Paikin's employment and Paikin's constructive discharge."  See Plaintiff's

Response to Defendant's Motion for Leave to Conduct Discovery Prior to Preliminary

Injunction Hearing, Exh.A, at ¶6.  In making my ruling, I was persuaded by the plaintiff's

arguments and its reliance on Irish Lesbian and Gay Organization v. Giuliani, 918 F. Supp. 728

(S.D.N.Y. 1996), which holds that a court may limit expedited discovery in preparation for a

preliminary injunction hearing based on the "time constraints under which both parties must

proceed or . . . the specific issues that will have to be determined at the preliminary injunction

hearing." Id. at 731.  In view of the time constraints imposed by the injunction hearing on

September 23, 2005, and because Ms. Paikin knows better than anyone the facts and events

surrounding her resignation (including the alleged deception, duress, and coercion which led her

to enter into the Separation Agreement), I refused to allow discovery on that issue.  As the court

noted in the Irish Lesbian and Gay Organization case, both sides will have a full opportunity to

explore the issues involved in connection with the resignation at the evidentiary hearing on the

motion for preliminary injunction. Id.   "The papers and the hearing are more than adequate to

allow both sides to explore the issues [concerning Ms. Paikin's resignation] and test the positions

proffered by the opposing side." Id.

I distinguished the resignation issue, where Ms. Paikin bears the burden of proof and is

fully aware of the facts involved, from the issues of whether the restrictive covenant is

enforceable due to the "trade secrets" and "executive or management personnel" exceptions to

section 8-12-113, C.R.S., where the plaintiff bears the burden of proof and where Ms. Paikin is

entitled to discover what evidence the plaintiff will rely upon as proving the existence of trade

secrets and its claim that Ms. Paikin held an executive office.

Generally, a motion for reconsideration, which is not expressly recognized by the Federal

Rules of Civil Procedure, Clough v. Rush, 959 F.2d 182, 186 n.4 (10th Cir. 1992), may be

construed in one of two ways: if filed within 10 days of the entry of judgment, it is treated as a

motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of

judgment, it is treated as a motion for relief from judgment under Rule 60(b).  Computerized

Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).  In

addition, "'any order . . . however designated, which adjudicates fewer than all claims or rights

and liabilities of fewer than all the parties . . . is subject to revision at any time before entry of

judgment adjudicating all the claims and the rights and liabilities of all parties.'"  Raytheon

Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003)(quoting Fed. R. Civ. P.

54(b)).

Motions for reconsideration serve specific purposes and are not a mechanism merely to

reargue, potentially interminably, matters previously presented and decided.  To the contrary:

> The court has the opportunity upon a motion for reconsideration to
> correct manifest errors of law or fact and to review newly
> discovered evidence.  Appropriate circumstances for a motion to
> reconsider are where the court has obviously misapprehended a
> party's position, the facts or the law, or mistakenly has decided
> issues outside of those the parties presented for determination.  It
> is inappropriate for the movant to advance new arguments or
> supporting facts which were otherwise available for presentation
> when the original . . . motion was briefed.

Pizza Management, Inc. v. Pizza Hut, Inc., 1989 WL 89937 *1 (D. Kan. July 19, 1989)(internal

quotations and citations omitted).

The Motion for Reconsideration at issue here is an inappropriate reargument of issues

already decided.  It does not allege manifest errors of law or fact, nor does it present newly

discovered evidence not available to the defendant when she filed the original motion for

expedited discovery.  Instead, the Motion for Reconsideration merely advances again the

arguments previously made or available to the defendant and rejected.

IT IS ORDERED that the Motion for Reconsideration is DENIED.

3

Dated September 7, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge