IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-1400-WDM-BNB

DOUBLECLICK INC., a Delaware corporation

     Plaintiff,

v.

LORI PAIKIN, an individual.

     Defendant.

---

## PROTECTIVE ORDER

---

     Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

     1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, which have been designated as "CONFIDENTIAL" pursuant to Paragraphs 3 and 5 below.

     2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

     3.    Information designated "CONFIDENTIAL" shall be information that is: (a) confidential or personal information of an employee or ex-employee; and (b) confidential, competitive, proprietary business information, and/or trade secrets of DoubleClick, Inc. CONFIDENTIAL information shall not be disclosed or used for any purpose except discovery proceedings and the preparation for, and presentation

at, the preliminary injunction hearing and the trial of this case.

4.     CONFIDENTIAL   documents,   materials,   and/or   information (collectively  "CONFIDENTIAL information") shall not, without the written consent of the party producing it or further Order of the Court, be disclosed to anyone other than:

(a) the parties;

(b) counsel appearing in this action on behalf of the parties, and employees of such counsel for whom such counsel assumes responsibility;

(c) the Court and its employees ("Court Personnel");

(d) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

(e) persons who are called as witnesses at the preliminary injunction hearing or at trial.

As used in this Paragraph, "party" or "parties" includes current employees of DoubleClick Inc. Nothing in this paragraph shall be construed to authorize the disclosure of CONFIDENTIAL INFORMATION to any individual, other than the Defendant Lori Paikin, who is working for NextAction Corporation or any other competitor of DoubleClick Inc. as an employee, officer, consultant, or independent contractor.

5.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

6.     Whenever a deposition involves the disclosure of CONFIDENTIAL information,   the   deposition   or   portions   thereof   shall   be   designated   as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the

information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

8.      At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

9.      This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 7 day of September, 2005.

BY THE COURT:

_____
BOYD N. BOLAND
MAGISTRATE JUDGE