IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-1400-WDM-BNB

DOUBLECLICK INC., a Delaware Corporation,

    Plaintiff,

v.

LORI PAIKIN, an individual,

    Defendant.

**ORDER**

Miller, J.

    By Order dated November 29, 2005, I granted Plaintiff's motion for preliminary injunction, directed both parties to submit statements regarding the terms of the bond, and directed Plaintiff to submit a proposed order. After considering the parties' filings, I find that their proposed terms are appropriate.

    Accordingly, it is ordered:

1. Pending the outcome of these proceedings or further order from the Court, Defendant Lori Paikin and any and all other persons in active concert or participation with her are enjoined from violating the non-competition, non-solicitation, and confidentiality provisions of the separation agreement between Lori Paikin and Plaintiff. Specifically:

    a. <u>Non-Competition</u>. Defendant Lori Paikin may not, as an employee, agent, consultant, advisor, independent contractor, partner, officer,

director, owner, co-venturer, or principal of any corporation, partnership, or other entity, directly or indirectly:

i. engage in any business that is competitive with the businesses of DoubleClick's Data division, including its Abacus and DMS businesses, or any such business that, to her knowledge, DoubleClick's Data division proposes to engage in ("Competitive Business"), in any of the following roles:

   (1) senior management, sales, or account service in the direct marketing industry specifically related to cooperative database prospecting, housefile, and optimization products and services;

   (2) management and execution of production-oriented processes and tasks related to setting up, running, managing, and fulfilling list orders; or

   (3) selling, servicing, or delivering products and services associated with cooperative marketing database companies.

ii. authorize her name to be used in connection with a Competitive Business; or

iii. acquire any debt, equity, or other ownership interest in any person or entity engaged, to her knowledge, in a Competitive Business, except that she may own, in the aggregate, not more

        than one percent (1%) of the outstanding equity of any publicly traded entity that is engaged in a Competitive Business as a material part of such entity's business.

b. <u>Non-Solicitation</u>.  Defendant Lori Paikin may not: (1) solicit any DoubleClick employee on behalf of another employer or encourage any DoubleClick employee to leave DoubleClick; or (2) solicit business from, do business with or render services to, in any capacity, directly or indirectly, any entity that is or was a DoubleClick client or customer with whom she had contact while employed by DoubleClick, for a purpose or in a manner that is in any way competitive with any of DoubleClick's businesses.

c. <u>Confidentiality</u>.  Defendant Lori Paikin may not disclose DoubleClick trade secrets or its confidential or proprietary information, including but not limited to:  supplier and customer lists and supplier and customer-specific information; planning data and selling and marketing strategies; business or marketing plans or projections; earnings and other financial data; product and process designs, formulas, processes, plans, drawings, and concepts; manufacturing and operating methods; research and development data and materials, including those related to the research and development of products, materials, or manufacturing and other processes; financial and accounting information and records; information in DoubleClick's databases; technical or scientific

>information relating to current or future products, services, or research; personnel information, including executive and organizational changes, software, computer systems and programs, and DoubleClick policies and procedures; and other information relating to DoubleClick, which, if disclosed to anyone outside of DoubleClick, would impair DoubleClick's ability to compete in the marketplace.Defendants are ordered to return to plaintiff all said information of whatever format or media type.

2. Pending the outcome of these proceedings or further order from the Court, Defendant Lori Paikin and any and all other persons in active concert or participation with her are enjoined from misappropriating DoubleClick's trade secrets.

3. Plaintiff shall post a bond in the amount of $75,000 on or before December 19, 2005.

DATED at Denver, Colorado, on December 15, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge