IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-1400-WDM-BNB

DOUBLECLICK INC., a Delaware Corporation,

    Plaintiff,

v.

LORI PAIKIN, an individual,

    Defendant.

## CONSENT DECREE AND ORDER

Miller, J.

    This matter is before me on the parties' joint motion for entry of consent decree and order, filed January 10, 2006. The parties have agreed to settle this case and request the entry of a consent decree. Having reviewed the motion, the stipulated decree, and the evidence presented at hearing, I conclude that the consent decree should be entered as modified below.

    Accordingly, it is ordered:

1. The parties' joint motion for entry of consent decree and order, filed January 10, 2006 (Docket No. 51), is granted in part.

2. <u>Injunction</u>. From the date of this Order until August 11, 2006, Paikin and any and all other persons in active concert or participation with her are enjoined from violating the non-competition and non-solicitation provisions of the Separation Agreement as follows:

    a. <u>Non-Competition</u>. Paikin may not, as an employee, agent,

consultant, advisor, independent contractor, partner, officer, director, owner, co-venturer, or principal of any corporation, partnership, or other entity, directly or indirectly:

i. engage in any business that is competitive with the businesses of DoubleClick's Data division, including its Abacus and DMS businesses, or any such business that, to her knowledge as of March 11, 2005, DoubleClick's Data division proposes to engage in ("Competitive Business"), in any of the following roles:

(1) senior management, sales, or account service in the direct marketing industry specifically related to cooperative database prospecting, housefile, and optimization products and services;

(2) management and execution of production-oriented processes and tasks related to setting up, running, managing, and fulfilling list orders; or

(3) selling, servicing, or delivering products and services associated with cooperative marketing database companies.

ii. authorize her name to be used in connection with a Competitive Business; or

iii. acquire any debt, equity, or other ownership interest in any person or entity engaged, to her knowledge, in a

    Competitive Business, except that she may own, in the aggregate, not more than one percent (1%) of the outstanding equity of any publicly traded entity that is engaged in a Competitive Business as a material part of such entity's business.

  b. <u>Non-Solicitation</u>.  Paikin may not: (1) solicit any DoubleClick employee on behalf of another employer or encourage any DoubleClick employee to leave DoubleClick; or (2) solicit business from, do business with or render services to, in any capacity, directly or indirectly, any entity that is or was a DoubleClick client or customer with whom she had contact while employed by DoubleClick, for a purpose or in a manner that is in any way competitive with any of DoubleClick's businesses.

3. For purposes of this Consent Decree and Order, the term "Competitive Business" is specifically defined to include, but not be limited to, NextAction Corporation.

4. Except as expressly modified by this Consent Decree and Order, Paikin shall remain bound by all other terms of the Separation Agreement, including but not limited to, its confidentiality provision.  Specifically, Paikin may never disclose DoubleClick trade secrets or its confidential or proprietary information, including but not limited to:  supplier and customer lists and supplier and customer-specific information; planning

      data and selling and marketing strategies; business or marketing plans or projections; earnings and other financial data; product and process designs, formulas, processes, plans, drawings, and concepts; manufacturing and operating methods; research and development data and materials, including those related to the research and development of products, materials, or manufacturing and other processes; financial and accounting information and records; information in DoubleClick's databases; technical or scientific information relating to current or future products, services, or research; personnel information, including executive and organizational changes, software, computer systems and programs, and DoubleClick's policies and procedures; and other information relating to the DoubleClick, which, if disclosed to anyone outside of DoubleClick, would impair DoubleClick's ability to compete in the marketplace.

5. The Clerk shall enter judgment in accordance with the terms and conditions recited above.

6. Each party shall bear their own fees and costs.

DATED at Denver, Colorado, on January 25, 2006.

                                          BY THE COURT:

                                          s/ Walker D. Miller
                                          United States District Judge